IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>   Plaintiff,<br><br> v.<br>MICHAEL C. SAYRE, M.D. and<br>LAURIE THOMAS,<br><br>   Defendants. | Case No.: C 12-5917 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS AND DEFENDANTS' MOTION TO QUASH; GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT; ISSUING BRIEFING SCHEDULE ON COGNIZABLE CLAIMS AND DIRECTING PARTIES TO FILE CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION<br><br>Doc. Nos. 9, 10, 12, 13, 25 |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by medical staff at PBSP.  He has paid the $350 filing fee.

On December 6, 2012, Plaintiff filed an amended complaint (FAC) and served summons and FAC on Defendants Dr. Michael Sayre and Physician's Assistant (PA) Laurie Thomas.  On March 7, 2013, Plaintiff asked the Court Clerk to enter default against Dr. Sayre and PA Thomas.  Doc. no. 6.  Because Defendants had not answered the FAC within the required time period, the Court Clerk entered default against them.  Doc. no. 7.  On March 25, 2013, Plaintiff moved for a default judgment against Defendants, on May 20, 2013, he moved for an evidentiary hearing on his motion for entry of default judgment and on July 29, 2013, he moved for judgment on the pleadings in regard to his motion for default judgment.  Doc. nos. 9, 10, 12.  On August 5, 2013, Defendants moved to quash

Plaintiff's service of process, to set aside entry of default and to screen Plaintiff's FAC.  Doc. no. 13.  Finally, on September 16, 2013, Plaintiff moved for leave to submit supplementary evidence in support of his motion for entry of default judgment. Doc. no. 25.

## DISCUSSION

I. Motion to Quash

Defendants Sayre and Thomas move to quash service of process, under Federal Rule of Civil Procedure 55(c), on the ground that the summons were defective because they did not name the court and the parties to the action.  The Court denies the motion to quash service of process.  Because Plaintiff has paid the filing fee and is not proceeding in forma pauperis, he is required to serve Defendants himself.  Because Defendants have received actual notice of this lawsuit, the Court declines to quash service of process on the negligible grounds they assert, which would require Plaintiff to re-serve Defendants.  Therefore, the motion to quash is DENIED.

II. Motion to Set Aside Entry of Default

Defendants move to set aside entry of default on the following grounds: (1) PBSP Litigation Coordinator S. Soderlund received the summons and FAC from the process server, but inadvertently set the documents aside for several months, see Soderlund Dec.; (2) Defendants Dr. Sayre and PA Thomas were not notified of the lawsuit and were not given copies of the summons and complaint until early July, 2013, see Sayre Dec., Thomas Dec.; (3) As soon as Defendants were notified of the lawsuit, they

2

promptly requested representation by counsel.  See Sayre Dec., Thomas Dec.

Under Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default for good cause.  "Judgment by default is a drastic step appropriate in only extreme circumstances; a case should, whenever possible, be decided on the merits."  United States v. Signed Personal Check No. 730 of Mesle, 615 F.3d 1085, 1089 (9th Cir. 2010).

Defendants have shown that they were not engaged in culpable behavior, and given the strong policy to decide cases on their merits, good cause is shown for setting aside the entry of default.  The motion to set aside entry of default is GRANTED.

Because Defendants' motion to set aside default is granted, Plaintiff's motions seeking a default judgment are DENIED.

III. Review of FAC

The Court grants Defendants' motion to screen Plaintiff's FAC.

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Allegations

Plaintiff alleges that he suffered a gunshot injury inflicted by a corrections officer which caused his arm to be mangled. Although his arm has been reconstructed through surgery, he still experiences severe pain. In the past, he was prescribed adequate pain medication. However, on October 16, 2012 and October 30, 2012, Defendants PA Thomas and Dr. Sayre cancelled Plaintiff's pain medication without examining Plaintiff and without providing alternate care. Defendants are aware that Plaintiff's uncontrolled pain causes mobility restrictions and mental anguish.

On November 7, 2012, Dr. Sayre intercepted a letter Plaintiff had written to Dr. Jacobson because Dr. Sayre knew that Plaintiff was complaining about him. On November 9, 2012, Dr. Sayre entered false information in Plaintiff's medical file to attempt to justify his discontinuance of Plaintiff's treatment.

On November 19, 2012, PA Thomas filed a false Mental Health Referral for Plaintiff so that Plaintiff would appear to be mentally unstable in order to justify her deprivation of adequate medical care to Plaintiff. PA Thomas also did not allow Plaintiff to see a doctor for his medical care. This left Plaintiff without any access to medical care.

Plaintiff has filed numerous complaints against prison officials and has a pending case in the Del Norte Superior Court. Dr. Sayre told Plaintiff that he was discontinuing Plaintiff's medication because of his complaints.

Plaintiff seeks an injunction requiring Defendants to provide him medical care for his chronic pain including adequate examinations, X-rays, MRIs, and consultation by a neurologist or orthopedist. He also seeks compensatory and punitive damages.

When Plaintiff's allegations are construed liberally, they state cognizable Eighth Amendment claims for deliberate indifference to his serious medical needs against Dr. Sayre and PA Thomas. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). They also state a cognizable First Amendment claim for retaliation against Dr. Sayre. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

IV.   Consent or Declination to Proceed Before Magistrate Judge

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes. Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to do so. The parties shall complete the requisite consent or declination form and return it to the Court as set forth in paragraph 3 of the Conclusion of this Order.

//

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to quash is Denied. Doc. no. 13.

2. Defendants' motions to set aside entry of default and to screen the FAC are granted. Doc. no. 13. The Clerk of the Court shall set aside the entry of default.

3. Plaintiff's motions are DENIED. Doc. nos. 9, 10, 12, and 25.

4. Plaintiff states cognizable claims for deliberate indifference to his serious medical needs against Dr. Sayre and PA Thomas and a cognizable claim for retaliation against Dr. Sayre.

5. No later than <u>thirty</u> days from the date of this Order, all parties shall file their consent or declination to proceed before a United States Magistrate Judge.

6. Defendants shall answer the complaint within twenty-one days from the date of this Order. The following briefing schedule shall govern dispositive motions in this action:

  a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth

Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Stratton v. Buck, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

      b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      7. Discovery may be taken in this action in accordance with

the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    8.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel by mailing a true copy of the document to Defendants or Defendants' counsel.

    9.   It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    10.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

    IT IS SO ORDERED.


Dated: 9/24/2013

                                    _____
                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE